If the words "and in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy," in the policy of reinsurance, include the original policy, then the same words in the original policy must include the policy of reinsurance; and if so, then the first insurer, by procuring a reinsurance, would destroy, in a great degree, the value of the first policy. Suppose a man insures against fire to the amount of $10,000, and then procures a reinsurance for $10,000, and then a loss to that amount happens — will not the insured be entitled to recover for the whole loss; or can the insurer say to the insured, I have a policy of reinsurance on the same goods to the amount of ten thousand dollars, and you, therefore, are entitled, according to the terms of your policy, to recover no greater proportion of the loss than the amount in your policy bears to the whole amount insured on the said property? To this the insured might answer, the meaning of that clause in the policy is, that if I had before, or should, after you insured me, get an insurance on the same property, *Page 242 
I should look to each of my insurers for only a proportion of the loss. If that would be the correct construction of the clause in the original policy, the same construction would be given to the same words in the policy of reinsurance; the clause would be without effect, unless the original insurer procured more than one policy of reinsurance. The original policy is a contract made between the insurer and the insured; and it must be understood as relating only to the acts of the parties to the contract, unless express reference is made to the acts of others. So in relation to the policy of reinsurance, when it speaks "of other insurance on the property," it has reference to an insurance to which the insured can resort for a part of his indemnity. The clause was inserted in the policy to restrain the insured, if he had more than one policy, from recovering more than a proportional part of the loss on any one policy; but unless the insured has more than one policy, he must have an indemnity on that, unless the loss be greater than the sum insured.
This construction was given to this clause in the policy by the court for the correction of errors, in the case of The ÆtnaInsurance Company v. Tyler, (16 Wend. 390.) In that case, a Mr. Shafer, the owner of a dwelling house and out-buildings, procured an insurance on the property from the Merchants' Insurance Company of Albany. While that policy was in force he contracted to sell the property to Tyler, who paid a part of the purchase money, and took possession of the property, and then procured a policy from the Ætna Insurance Company, in which policy was a clause like the one set forth, after which the property was destroyed by fire. The plaintiffs in error insisted that Tyler was entitled to recover only such proportion of the loss as the amount insured by them bore to the whole amount insured by them and the other company; but that construction was rejected by the court; and the chancellor, whose opinion is published, held that "the clause in the policy related only to double insurance, and that to constitute a double insurance, both policies must be upon the same insurable interest, either in the name of the owner of that interest, or in the name of some other person for his benefit." In the case under consideration, *Page 243 
there is no double insurance upon the same insurable interest. The American Mutual Insurance Company had but one policy on their insurable interest, and upon that they were entitled to a full indemnity, not exceeding the sum insured.
Did the superior court err in rejecting the evidence of the usage among the underwriters in the city of New-York, for reinsurers not to pay the full amount named in the policy of reinsurance, but only a sum which shall be in the same proportion to the amount of property destroyed as the policy of reinsurance bears to the original policy? The words of the contract in this case are, "The Mutual Safety Insurance Company, by this policy of insurance, in consideration of thirty-five dollars to them paid by the insured hereinafter named, the receipt whereof is hereby acknowledged, do reinsure the American Mutual Insurance Company against loss or damage by fire, to the amount of ten thousanddollars, on merchandise, hazardous and not hazardous, property of Hackenrath Van Damme, or held by them in trust," c. "And the said company do hereby promise and agree to make good unto the said insured, their executors, administrators and assigns,all such loss or damages, not exceeding in amount the sum insured, as should happen by fire to the property above specified during," c.; "the loss or damage to be estimated according to the true and actual cash value of the said property at the time the same shall happen." The construction of a contract in these words has long been adjudged to be a contract of indemnity not exceeding the sum insured. And it is asserted in the 5th point submitted on the part of the plaintiffs in error, that when the reinsurance covers the whole amount insured by the first policy, the first underwriter is entitled to recover of the reinsurer the whole loss, whether partial or total, for which he is himself liable. But it is insisted that in case the sum reinsured be less than the sum mentioned in the original policy, then the reinsurer is not to pay the sum reinsured unless the loss equals the sum mentioned in the original policy. No adjudged case, however, has been referred to, showing the existence of any such distinction. So far as adjudged cases have been referred to, the contract of insurance, or reinsurance *Page 244 
against loss by fire, has uniformly been held to be a contract of indemnity not exceeding the sum insured.
The words of the contract in this case are free from any ambiguity. The contract is to make good all loss or damage by fire not exceeding $15,000. Judging from the words of the contract it would seem that no two men could differ as to its construction. And for what purpose is the usage insisted on by the plaintiffs in error introduced? To prove that the words "allloss or damage by fire" mean in this case, that the reinsurer will make good only ten out of twenty-two parts of the loss. In the case of the Schooner Reside, (2 Sumn. 367,) the bill of lading specified that the goods were "to be delivered in good order and condition, damages of the seas only excepted." And the point was, whether a local usage between New-York and Boston, (the termini of the voyage,) might be admitted to influence the contract so far as to exempt the carriers from liability for all damage, save what arose from their own neglect. Mr. Justice Story excluded the usage, on the ground that, if admitted, it would go, not to interpret or explain, but to vary and contradict the contract. (Cowen Hill's Notes, p. 1411.) So in this case, the usage insisted on is to vary and contradict the contract. It is, if admitted, to prove that the word all in this case means less than half. There could be no security in a written contract, if a usage in a single city can be given in evidence to vary and contradict it.
The judgment of the superior court ought to be affirmed with costs.
STRONG, J., also delivered an opinion for affirmance on substantially the same grounds.
Judgment affirmed.¹ *Page 245